# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**JOSEPH O'BANNER, #08728-043**                                       **PETITIONER**

**VERSUS**                                       **CIVIL ACTION NO. 5:10-cv-28-DCB-MTP**

**UNITED STATES OF AMERICA, et al.**                                       **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

Petitioner, an inmate of the Bureau of Prisons, filed on March 5, 2010, a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 and requested *in forma pauperis* status. On July 14, 2010, this Court entered an Order [4] that directed the Petitioner to file a written response to provide specific information regarding his claims. Petitioner was directed to file his response on or before July 29, 2010. The Order [4] warned Petitioner that a failure to advise the Court of a change of address or failure to timely comply with the requirements of the Order may result in the dismissal of this case without further notice. On July 28, 2010, the postal service returned the envelope [5] containing the Court's July 14, 2010 Order [4] with the notation "return to sender- not deliverable as addressed - unable to forward." Petitioner did not contact this Court and needless to say he did not comply with the Court's July 14, 2010 Order.

On August 13, 2010, an Order [6] was entered directing Petitioner to show cause, on or before September 3, 2010, why this case should not be dismissed for his failure to comply with the Court's July 14, 2010 Order. In addition, Petitioner was directed to comply with the Court's previous Order [4], by filing his written response or before September 3, 2010. The Order [6] to Show Cause clearly warned Petitioner that his failure to advise the Court of a

change of address or his failure to timely comply with any Order of this Court would be deemed as a purposeful delay and contumacious act by the Petitioner, and would result in the dismissal of this case without further notice.  On August 30, 2010, the postal service returned the envelope [7] containing the Show Cause Order [6] with the notation "return to sender- not deliverable as addressed - unable to forward."

Petitioner has:  (1) failed to keep the Court informed of his current address;  (2) failed to comply with two Court orders;   and (3) he has not contacted this Court since March 25, 2010.  The Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, 306 Fed. App'x 144 (5th Cir. 2009).  Since the Respondents have not been called on to respond to the Petition, and the Court has not considered the merits of Petitioner's claims, the Court's order of dismissal is without

prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. App'x. 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 29th day of September, 2010.

                                                s/David Bramlette
                                                UNITED STATES DISTRICT JUDGE